**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TALECIA CHAMBERS and
BILLY JOE CHAMBERS,

    Plaintiffs,

                                                                               Case No. 09-14731

v.                                                                  Hon. Lawrence P. Zatkoff

INGRAM BOOK CO., INGRAM PUBLISHING
SERVICES, INC., LIGHTNING SOURCE, INC.,
ERICA COLEMAN, and JOHN DOE 1-10,

    Defendants.
    _____/

## **ORDER**

        Defendant Erica Coleman ("Coleman") filed a motion to dismiss [dkt 22], in which she challenges both the timeliness and propriety of the service effectuated upon her. Coleman maintains that she was not served within 120 days after the summons issued, and she contends that the service was improper because Plaintiffs altered the date on the summons. When Plaintiffs did not respond to Defendant's motion, the Court issued an August 4, 2010, order demanding that Plaintiffs show cause why Coleman's motion should not be granted.

        Plaintiffs have responded to the Court's show-cause order. In their response, Plaintiffs detail their efforts to ascertain Coleman's address and serve her with the summons and complaint, which included attempts to serve Coleman at two addresses that were no longer valid. Plaintiffs also state that the Clerk reissued the summons, although there is no evidence of this on the docket. Regarding the altered date on the complaint, Plaintiffs admit that they changed the date, and they suggest it was the result of their ignorance of the applicable rules. Finally,

Plaintiffs aver that they are currently meeting with attorneys in hopes of retaining counsel in the near future.

The Court finds that Plaintiffs have not demonstrated compliance with Fed. R. Civ. P. 4(m) or Fed. R. Civ. P. 12(b)(4). However, the Court must consider the interests of judicial economy in fashioning a proper remedy. As Plaintiffs note in their show-cause response, if this case were dismissed for these technical violations, Plaintiffs would refile the lawsuit against Coleman. There is no advantage to any of the actors involved to have this proceeding bifurcated in this manner.

Coleman moreover has not alleged specific prejudice stemming from the untimely service or the altered date on the complaint other than the delay itself. The Court has not yet held a scheduling conference, and Court-sponsored discovery has not yet commenced. Therefore, in the interests of justice, the Court will deny Coleman's motion so that all claims may be heard in a single proceeding.

However, the Court admonishes Plaintiffs that their *pro se* status does not entitle them to disregard or misinterpret the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Future violations will not be afforded such leniency.

Accordingly, IT IS HEREBY ORDERED that the Court withdraws its August 4, 2010, order to show cause, and Coleman's motion to dismiss [dkt 22] is DENIED.

IT IS SO ORDERED.

Date: September 7, 2010

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE