**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TALECIA CHAMBERS and
BILLY JOE CHAMBERS,

    Plaintiffs,

v.

                            Case No. 09-14731
                            Hon. Lawrence P. Zatkoff

INGRAM BOOK CO., INGRAM PUBLISHING
SERVICES, INC., LIGHTNING SOURCE, INC.,
ERICA COLEMAN, and JOHN DOE 1-10,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 14, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motions for Summary Judgment [dkts 60 & 61].[1]  The parties have fully briefed the motions.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.  For the reasons set forth below, Defendants' Motions for Summary Judgment are GRANTED.

---

[1] While Ingram Book Co., Ingram Publishing Services, Inc., and Lightning Source, Inc. filed their Motion for Summary Judgment [dkt 60], Defendant Erica Coleman filed her Motion for Summary Judgment [dkt 61].

## I. BACKGROUND

In this case, Plaintiffs Talecia Chambers ("Talecia") and Billy Joe Chambers ("Billy Joe," and collectively, "Plaintiffs") filed their Complaint on March 13, 2009,[2] alleging that Defendants published and sold Plaintiffs' book, entitled *Prodigy Hustler*, without authorization, thus violating state and federal laws.

*Prodigy Hustler* provides an encapsulating story surrounding Billy Joe's life as an influential participant in the crack and cocaine drug trade in Detroit. Billy Joe was a leading member of the notorious "Chambers Brothers" drug gang that dominated the crack cocaine trade in Detroit, Michigan, in the 1980s. He eventually was tried and convicted for his involvement in the enterprise, and was recently released after serving a 325-month sentence in a federal prison on his convictions. *See, e.g., United States v. Chambers*, 16 F.3d 1221, at *4 (6th Cir. 1994) (table opinion) (affirming Chambers's sentence). While incarcerated, Billy Joe penned his autobiography. Talecia, Billy Joe's daughter, then registered *Prodigy Hustler* with the United States Copyright Office, securing Copyright Registration Number TXu001305414, dated September 13, 2006.

In September of 2006, Defendant Erica Coleman ("Coleman"), a distant relative of Plaintiffs, was contacted by Billy Joe to assist in editing and finishing the book due to her Wayne State journalism degree. Coleman agreed. She began receiving draft chapters of the book written by Billy Joe while he was in prison. Coleman also met Talecia in September of 2006. Coleman received the draft chapters from either Talecia or Kyuntae Sanders, a friend of Billy Joe. In a letter dated October 2, 2006, Billy Joe told Coleman that the book had to be ready for Mallory Printing

---

[2]Plaintiffs' Complaint was filed *pro se*, but as of October 9, 2010, Plaintiffs have been represented by counsel.

Company ("Mallory") by October 25, 2006. He also requested Coleman to tell him "how [Coleman] would like to be paid for [her] services." Billy Joe continued to provide instructions to Coleman between September of 2006 and April of 2007 regarding printing, publishing, advertising, and selling *Prodigy Hustler*. On November 14, 2006, Talecia formed Billy Boy Enterprises, LLC ("BBE, LLC") as the company to be used for publishing the book. Talecia and Billy Joe were listed as members of BBE, LLC. Both Coleman and Talecia carried BBE, LLC business cards. Coleman's card identified her as the "Business Manager." On December 8, 2006, a written agreement (the "Agreement") was entered into between Talecia, Billy Joe, and Coleman. The Agreement provided for Coleman to be paid $4,000 for her services, including acting as a story developer and editor of *Prodigy Hustler*.

The book was sent to Mallory on February 17, 2007, and finally published. On February 23, 2007, a book release party was held. Coleman organized and paid for the book signing party. Because Billy Joe was still incarcerated at that time, he did not receive a copy of the book until the following day. After Mallory published the book, Coleman purportedly inquired at a Borders book store whether it would carry the *Prodigy Hustler*. The manager advised Coleman that Borders book store would need to source the book through Defendant Lightning Source, Inc. Talecia was with Coleman during this conversation and Coleman also discussed this arrangement with Billy Joe. Following the conversation with Borders' manager, on March 2, 2007, Coleman created a publisher account with Defendant Lightning Source, Inc., identifying herself as BBE, LLC's Business Manager. Defendant Lightning Source, Inc. is an on-demand printer and publisher, as well as a wholesaler to large book stores. Lightning Source, Inc. does business with its partner Defendant Ingram Book Group Inc., which operates under the assumed name Ingram Book Company

3

(collectively, "Lightning Source").  According to Coleman, she paid the fees based on Talecia's promise to repay her.  Subsequently, Coleman ordered 15 print copies of the book from Lightning Source and received notice that Barnes & Noble had purchased the book from Lightning Source.

After Coleman created an account with Lightning Source, Coleman became aware that Billy Joe was dissatisfied with the way the book had been edited.  According to Plaintiffs, Billy Joe ordered any further printing, production, or distribution of the book to cease.  Plaintiffs argue that Coleman denied Billy Joe's orders, and Plaintiffs contend that they were unaware of any contractual arrangement with Lightning Source to publish and distribute a new book until July of 2008.

In response to Billy Joe's order to cease further printing, production, or distribution of the book, Coleman sent Billy Joe a letter explaining she was upset to find that Billy Joe was dissatisfied with the book and that she had not been paid.  She stated that she would sell the currently printed 1000 copies of the book, but that any future projects would not involve her.  After Talecia and Billy Joe demanded that Lightning Source cease publication, Lightning Source immediately ceased. According to Lightning Source, they received a total of $987.18 in profit from the sales of *Prodigy Hustler*.

On March 13, 2009, Plaintiffs filed their Complaint against Coleman and Lightning Source. On August 4, 2010, the Court addressed Plaintiffs' Motion for Partial Summary Judgment [dkt 12] and Defendants' Motion for Judgment on the Pleadings [dkt 14].  The Court denied without prejudice Plaintiffs' Motion for Partial Summary Judgment because the parties had not yet conducted discovery.  In granting in part and denying in part Defendants' Motion for Judgment on the Pleadings, the Court concluded that Plaintiffs' state-law claims were preempted by the Copyright Act.  The Court also concluded that Plaintiffs' copyright infringement claim was sufficiently pled

under the Copyright Act to survive Defendants' motion. On September 24, 2010, Coleman answered Plaintiffs' Complaint and filed counter-claims based on breach of contract and libel and slander.

The case proceeded and discovery focused on Plaintiffs' remaining federal copyright claim. During discovery Coleman served two sets of requests for admission on Plaintiffs' counsel—occurring on November 22, 2010, and January 13, 2011, respectively. Plaintiffs failed to respond. On February 18, 2011, Defendants filed a Joint Motion to Deem Admission Requests Admitted for Plaintiffs' failure to respond to the January Requests. On March 18, 2011, Magistrate Judge Morgan granted Defendants' Joint Motion to Deem Admission Requests Admitted [dkt 54]. Plaintiffs then filed an objection to the Magistrate Judge Morgan's order, which this Court addressed and rejected on June 13, 2011. On April 15, 2011, Lightning Source and Defendant Coleman filed the instant motions for summary judgment.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;

>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III. ANALYSIS

Lightning Source presents two issues to the Court:

>(1) Should the Court grant summary judgment on Plaintiffs' remaining count of copyright infringement because Coleman had authority as Plaintiffs' agent to publish the book at issue?
>
>(2) Alternatively, should the Court grant partial summary judgment as to damages and rule that Plaintiffs will be entitled to recover only Lightning Source's profits on the book or $200 in statutory

damages?[3]

## A. Plaintiffs' Federal Copyright Infringement Claim

The Court first turns to whether Plaintiffs' remaining copyright infringement claim against Defendants fails as a matter of law because Coleman was an agent of Plaintiffs and had authority to publish the book. Defendants assert that Plaintiffs' remaining claim of copyright infringement must fail as a matter of law for two independent reasons:

> (1) Magistrate Judge Morgan's order granting Defendants' Joint Motion to Deem Requests Admitted is dispositive of Plaintiffs' copyright infringement claim because it establishes that Coleman is an agent of Plaintiffs with authority to publish *Prodigy Hustler*; and
>
> (2) alternatively, the exhibits attached to Lightning Source's Motion for Summary Judgment establish that Coleman was an agent of Plaintiffs and had authority to publish the book through Defendants.

In response, a substantial portion of Plaintiffs' response objects to Magistrate Judge Morgan's order granting Defendants' Joint Motion to Deem Requests Admitted. In fact, four pages of Plaintiffs' response simply restate the exact language that Plaintiffs stated in their objection to Magistrate Judge Morgan's order. The Court, however, addressed Plaintiffs' objections and denied them on June 13, 2011. *See* Dkt. 69. To that extent, the Court will not reconsider Plaintiffs' objections to Magistrate Judge Morgan's order. Plaintiffs next argue that "[i]t is clear that [Coleman's] actions constitute willful commission of copyright infringement." Additionally, Plaintiffs assert that Lightning Source had neither indicia that Coleman was an agent of Plaintiffs

---

[3] While Coleman concurred in the relief sought by Lightning Source's Motion for Summary Judgment and incorporated that motion and brief into her motion and brief, Coleman raised two additional arguments for why Plaintiffs' copyright infringement claim fails. For the reasons discussed below, the Court need not address Coleman's additional arguments as the Court finds that Plaintiffs' copyright infringement claim fails for the reasons stated in Lightning Source's Motion for Summary Judgment.

7

nor that Coleman had any copyright in the book before Lightning Source began publishing and distributing it.

In order to prevail on a claim of copyright infringement, a plaintiff must establish (1) an exclusive ownership in a valid, existing copyright, and (2) the copying or other use of the copyrighted work by the defendant *without the plaintiff's permission. See Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002) (emphasis added).  The parties do not dispute that Plaintiffs have a copyright in the book.  Rather, the parties dispute whether Defendants had Plaintiffs' permission. In this case, Plaintiffs' copyright infringement claim against Defendants must fail if Coleman was an agent of Plaintiffs with authority to enter into a publishing agreement with Lightning Source for the publication of *Prodigy Hustler*.

In determining whether Coleman was Plaintiffs' agent, the Court considers "the relations of the parties as they in fact exist under their agreements or acts and note[s] that in its broadest sense agency includes every relation in which [the agent] acts for or represents [the principal] by [the agent's] authority." *St. Clair Intermediate Sch. Dist. v. Intermediate Educ. Ass'n*, 458 Mich. 540, 557 (Mich. 1998) (internal quotations omitted).

The Court first notes that the facts deemed admitted by granting Defendants' Joint Motion to Deem Requests Admitted are conclusively established for purposes of this opinion and order. Pursuant to Fed. R. Civ. P. 36(a)(c), a matter is admitted if a party fails to respond to a requesting party's written request to admit within 30 days after being served.  A matter admitted is conclusively established in the action at issue. Fed. R. Civ. P. 36(b); *see also West Kentucky Coal Co. v. Walling*, 153 F.2d 582, 587 (6th Cir. 1946).

As such, in reviewing the requests deemed admitted by Plaintiffs due to their failure to

respond, and the record, the Court finds that Coleman was an agent of Plaintiffs at the time she entered into the publishing agreement with Lightning Source to publish and distribute *Prodigy Hustler*. The Court also finds that entering into the publishing agreement was within the scope of Coleman's authority as an agent of Plaintiffs. Coleman's agency is based on the express written Agreement between her and Plaintiffs and the additional instructions provided from Talecia and Billy Joe. Plaintiffs admit that Coleman and Talecia entered into the Agreement in December of 2006. Billy Joe authorized Talecia to enter the Agreement with Coleman. The Agreement provided for Coleman to be compensated for her services as storyteller and editor of the book. And, the Agreement was effective in December of 2006 and was terminated on or around April 2007.

In addition to editing the book as expressly stated in the Agreement, Coleman was authorized to perform additional duties, including publishing, marketing, and selling the book. This is supported by reviewing the correspondences between Coleman and Billy Joe. The correspondences show that Billy Joe instructed Coleman to perform numerous other duties, including publishing, marketing, and selling the book. Coleman even informed Billy Joe of her intentions to contact several other publishers similar to Lightning Source to help print and distribute the book, to which Plaintiffs agreed. Most significant is the fact that Coleman entered into the publishing agreement with Lighting Source in the presence of and with the knowledge and authorization of Talecia. Talecia, who was present, is authorized to act on behalf of BBE, LLC and Billy Joe.

Furthermore, the publishing account was created with Lightning Source on March 2, 2007, prior to the termination of the Agreement establishing Coleman's authority as an agent of Plaintiffs on April of 2007. Moreover, Plaintiffs fail to adequately dispute the evidence presented by Defendants. Although Plaintiffs assert that "it is clear" that copyright infringement occurred,

Plaintiffs fail to cite to any specific place in the record that supports their assertion. At this juncture, the summary judgment standards make clear that a party must support their assertions by citing to particular parts of materials in the record, including depositions, documents, or other materials. *See* Fed. R. Civ. P. 56(a). Plaintiffs cite to no evidence to dispute the evidence presented by Defendants.

As such, Coleman was an agent of Plaintiffs, and—based on the express Agreement and further instructions of Billy Joe—Coleman was authorized to enter into a publication agreement with Lightning Source to print and distribute *Prodigy Hustler*. Therefore, Plaintiffs fail to show as a matter of law that either Lightning Source or Coleman copied, published, or distributed *Prodigy Hustler* without Plaintiffs' permission. Coleman and Lightning Source are granted summary judgment on Plaintiffs' federal copyright claim.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment [dkt 60 & 61] are GRANTED.

IT IS FURTHER ORDERED that this case remains open, as Defendant Coleman's counterclaims against Plaintiffs are still unresolved.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 14, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290